IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:22-CR-213-P |
| DAVID DEVANEY, JR. (02) | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS
THE SEARCH OF HIS VEHICLE

In response and opposition to the Defendant's Motion to Suppress the Search of his Vehicle, the government would show the following. First, the government does not believe a hearing is necessary for the Court to rule on the Motion because: (a) the good faith exception provides that "evidence obtained by officers in objectively reasonable good faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992); and (b) the affidavit in the case establishes probable cause to search the defendant's vehicle. Second, these determinations can be made by the Court without a hearing because there are no material contested facts.

I.   Facts

On June 24, 2022, Officers with the Burleson Police Department responded to a shooting death that occurred in Burleson, Texas. (Affidavit, p. 3, para. 1.) One of the shooting victims who survived the shooting incident identified the defendant, Devaney, Jr., as the person who shot him. (Affidavit, p. 5, para. 21.)

The survivor also described the drug-deal-gone-bad that immediately preceded the shooting incident.  (Affidavit, pp. 4 – 5, para. 14 – 15, and 17.)  Officers secured an arrest warrant for Devaney, Jr., based on the shooting.  (Affidavit, pp. 5 – 6, para. 24.)

On June 25, 2022, Officers found Devaney, Sr., and Cory Litts in possession of drugs and guns.  (Affidavit, p. 6, para. 25.)  At the same time, Officers saw the defendant, Devaney, Jr. drive by in a blue corvette, and a vehicle pursuit ensued.  (Affidavit, p. 6, para. 28.)  Devaney, Jr. fled on foot, but was arrested on the warrant.  (*Id.*)  In a post-Miranda interview, Devaney, Jr. admitted to acting as security for the drug deal his father had set up.  (Affidavit, p. 6, para. 31.)  And Devaney, Jr. admitted to witnessing Devaney, Sr. and others shoot at the other drug dealers who became shooting victims in the case.  (Affidavit, p. 7, para. 34.)  Another co-conspirator also said Devaney, Jr. was involved in planning the drug deal.  (Affidavit, p. 7, para. 40.)  That co-conspirator also said Devaney, Jr. shot at the shooting victims in the case.  (Affidavit, p. 8, para. 43.)  Based on this information (including the defendant's flight from law enforcement), and the officer's experience as summarized in paragraph 50 of the affidavit, the affiant concluded there was probable cause to believe evidence would still be found in the defendant's car, the blue corvette.  (Affidavit, p. 9, para. 51.)  The evidence sought by officers related to the "implements or instruments" (e.g., guns and drugs) used in the crimes of murder and drug possession, and included the seizure of cellular telephones.  (Affidavit, p. 2.)  A neutral and detached magistrate judge agreed.

**II.     Summary of the Defendant's Argument**

The Defendant argues that any good-faith exception to the exclusionary rule does not apply because the affidavit "so lacked indicia of probable cause that the officers' reliance on it was entirely unreasonable." (Defendant's Motion, p. 7.) Given the uncontested facts summarized above, this is a frivolous argument.

**III.    Law and Argument**

A defendant seeking to have evidence suppressed generally bears the burden of proving by a preponderance of evidence that the evidence was seized illegally. *See generally United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2015). The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. "'The bulwark of Fourth Amendment protection' is its requirement that 'police obtain a warrant from a neutral and disinterested magistrate before embarking upon a search.'" *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002) (quoting *Franks v. Delaware*, 438 U.S. at 164). "Evidence obtained in violation of the Fourth Amendment is to be excluded in any criminal proceeding against the victim of the violation." *Cavazos*, 288 F.3d at 709.

However, the Supreme Court held in *United States v. Leon*, 468 U.S. 897, 922 (1984) "that the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." The Supreme Court, therefore, has carved out a good faith exception to the exclusionary rule of the Fourth Amendment. The good faith exception provides that "evidence obtained by officers in objectively

reasonable good faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). An officer relies on the validity of the search warrant in good faith "so long as the warrant is supported by more than a 'bare bones affidavit.'" *United States v. Alix*, 86 F.3d 429, 435 (5th Cir. 1996). If the good faith exception applies, then the Court need not look at whether the warrant was supported by probable cause. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006).

      The Supreme Court, however, has identified several exceptions to the good faith rule, the one at issue being "where the affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable….'" *Leon*, 468 U.S. at 923.  And less than a fortnight ago, in an en banc decision the Fifth Circuit had occasion to provide more guidance on what constitutes a bare bones affidavit.  *United States v. Morton*, 2022 WL 3591841 (Aug. 22, 2022).   In its anthological opinion, the Fifth Circuit defined bare bones affidavits as containing "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause."  *Id*. at *3, *citing United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).   An example of a bare bones affidavit "said nothing more than the agent 'has cause to suspect and does believe that certain merchandise…has otherwise been brought into the United States contrary to law, and that said merchandise is now deposited and contained within' the defendant's home."  *Id*., *citing Nathanson v. United States*, 290 U.S. 41, 44 (1933).   In addition, the Fifth Circuit provided a textbook example of a bare bones affidavit where "the officer listed just the defendant's 'biographical and contact

**Government's Response to Defendant's Motion to Suppress the Search of his Vehicle - Page  4  of  7**

information' and then stated 'nothing more than the charged offense, accompanied by a conclusory statement' that the defendant committed the crime." *Id*. at *4 (citation omitted.)

In contrasting Morton's facts from those examples, the Fifth Circuit said the affidavits at issue had meat on their bones: each being over three pages in length, and detailing Morton's arrest with drugs and cellular telephones. *Id*. at *4. The affidavits essentially explained the who, what, where, and when of the crime(s) alleged and how searching the things sought to be searched would yield evidence of those crimes. *Id*. And the affidavits put these facts before a neutral and detached magistrate. *Id*. Finally, in summarizing the overarching principle behind the good faith exception, the Fifth Circuit said a judge is called upon to make judgment calls; and "[j]udgment calls in close cases are precisely when the good-faith rule prevents suppression based on after-the-fact reassessment of a probable-cause determination." *Id*. (citation omitted.)  On those facts, the Fifth Circuit found the affidavits at issue were not bare bones affidavits, thus the good faith exception applied. *Id*. at *5.

Similarly, here the affidavit to search the defendant's car is nine pages long, it is extremely detailed, and it covers the who, what, where, and when of the crimes alleged to have been committed by the defendant. Specifically, the affidavit recounts: (1) a shooting and murder occurred in Burleson, Texas; (2) the defendant was involved in the shooting; (3) the defendant was also involved in a drug-deal-gone-bad that precipitated the shooting; (4) the day after the shooting, the defendant's dad and another co-conspirator were arrested with drugs and guns; (5) the defendant drove by and fled from

**Government's Response to Defendant's Motion to Suppress the Search of his Vehicle - Page 5 of 7**

the scene of his father's arrest; (6) officers eventually arrested the defendant; and (7) an officer presented these facts to a neutral and detached magistrate to search for implements or instruments of the crimes of murder and drug possession.   These facts are vastly different from the textbook examples of bare bones affidavits anthologized by the Fifth Circuit in *Morton*.   And as the Fifth Circuit concluded in *Morton*, a judgment call made by a neutral and detached magistrate court should not be disturbed after it has been presented with detailed facts such as those presented here.

VI.   **Conclusion**

The Defendant's motion is frivolous and presents no contest of fact.   And for the foregoing reasons, the defendant's motion should be denied.

Respectfully Submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY


*s/ Shawn Smith*
SHAWN SMITH
Assistant United States Attorney
Texas Bar No.   24033206
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455
Email: Shawn.Smith2@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that on August 30, 2022, I electronically filed this document with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system. The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record who have consented in writing to accept the Notice as service of this document by electronic means.

                                       *s/ Shawn Smith*
                                       SHAWN SMITH
                                       Assistant United States Attorney